412 So.2d 998 (1982)
STATE of Louisiana
v.
Hillary BROWN.
No. 81-KA-1373.
Supreme Court of Louisiana.
April 5, 1982.
*999 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, J. Michael McDonald, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet, David Randall Buckley, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.
Defendant was indicted by an East Baton Rouge Parish Grand Jury and charged with second degree murder on September 17, 1975. He was examined by a sanity commission at that time and determined to be unable to understand the charges against him, appreciate their seriousness or assist in his own defense. In February 1980, the defendant was evaluated again and found to be competent to stand trial. In November 1980, defendant pleaded guilty to a charge of manslaughter and was sentenced to serve ten years with credit for time served.
In the single assignment of error before this Court, defendant argues that the sentence imposed is excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. The defendant's exposure, upon pleading guilty to manslaughter, was up to twenty-one years at hard labor; however, the imposition of a sentence, even though within the statutory limit, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Spencer, 374 So.2d 1195 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
Louisiana Code of Criminal Procedure Article 894.1 sets forth criteria for a sentencing judge to use in determining if a defendant's sentence should be suspended or a defendant placed on probation and, if not, whether the sentence should be closer to the maximum or the minimum statutory range of sentences. The same criteria set forth for consideration under C.Cr.P. art. 894.1 are appropriate for evaluating whether a sentence within statutory limits is excessive by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Williams, 397 So.2d 1287 (La.1981); State v. Sepulvado, supra.
In order to comply with C.Cr.P. art. 894.1, a trial court should state for the record the considerations relied upon in sentencing and the factual bases for them. In most cases, this information is crucial to this Court when it is called upon to review a sentence for excessiveness because, without it, a sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice. State v. Williams, supra. In this case, the sentencing judge failed to comply with C.Cr.P. art. 894.1 because he did not mention any of the possible mitigating factors; however, there is evidence elsewhere in the record to support the ten-year sentence imposed.
*1000 Statements given by the defendant and eyewitnesses to the shooting indicate that defendant was sitting in his car at the "Chicken Shack" when the victim got out of another car and approached him, cursing and shouting as he advanced. There was animosity between the two because the defendant had shot and injured the victim's girlfriend in a previous encounter over money the victim supposedly owed the defendant. An argument ensued which ended when defendant pulled a gun and fired a single shot which killed the victim.
The record reveals several factors which might have been considered in mitigation. Defendant claims to have taken drugs immediately prior to the shooting and, although there is no proof of this, it does appear that defendant has a history of drug abuse. Further, the witnesses' statements indicate that the victim initiated the encounter and a weapon was later discovered to be in his back pocket. We also note that this is the defendant's first felony conviction.
A review of the record as a whole convinces this Court that the defendant's sentence is not excessive even considering the possible mitigating factors. Although defendant did approach the victim initially, there is no indication that the victim ever removed the gun he carried from his back pocket. This is the defendant's first felony conviction only because, after he was arrested for attempted murder in connection with the shooting of the victim's girlfriend, the state reduced the charge from attempted murder, which is a felony, to the misdemeanor charge of aggravated assault, and he was sentenced on this charge. The defendant has also been arrested twice for armed robbery in unrelated incidents; however, these charges have not been prosecuted at this time.
The record supports the trial court's statements that the defendant would be likely to engage in criminal activities if given probation or a suspended sentence and that it would deprecate the seriousness of the crime to sentence defendant to anything less than ten years. After reviewing the record in its entirety and considering the possible mitigating circumstances, we are convinced that this sentence is not excessive. Accordingly, we affirm.