PER CURIAM.
The only issue properly preserved for our review is whether the trial court erred *67 in denying the motions for directed verdict and for judgment notwithstanding the verdict filed by Case Power and Equipment Company and J.I. Case Credit Corporation, challenging the sufficiency of the evidence as to the question of fraud. The trial record, however, discloses ample evidence in support of Turner’s claim that Case Power and Equipment and J.I. Case Credit misrepresented the terms upon which Turner was to lease equipment from Case Power and Equipment. Specifically, we note from the record that Case sales personnel testified that Case Power and Equipment instructed them, in negotiating extended equipment leases such as the ones here executed by Turner, to represent to a prospective purchaser that, upon making one annual payment in advance, the purchaser could return the equipment with “no questions asked” and without affecting his credit. The testimony of Mr. and Mrs. Turner to the effect that this, in fact, was the representation made by representatives of both Case Power and Equipment and J.I. Case Credit was undisputed. Furthermore, another purchaser (another local farmer) testified that just such a representation had been made to him also.
The requisite contingencies to be met by the purchaser prior to returning the equipment, pursuant to the written lease, were not, however, described to Turner. Indeed, the evidence indicates that Turner, who could neither read nor write, relied on “the Case people,” with whom he had dealt in the past, and it was these very “people” whose testimony verified Turner’s claim of misrepresentation.
This evidence was more than sufficient to create the minimum reasonable inference in support of Turner’s claim of misrepresentation, requiring that that issue go to the jury. See Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975). The case below presents a classic jury question, which was resolved in favor of Turner.
We find that the trial court correctly refused to grant Appellants’ motions for directed verdict and J.N.O.V. and that the judgment appealed from is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES and BEATTY, JJ., concur.