472 So.2d 344 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Allen Theo PERRY III, Defendant-Appellant.
No. CR 84-1077.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*345 William D. Dyess, Many, for defendant-appellant.
James L. Davis, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the defendant was properly sentenced and whether or not the sentence is excessive.
Defendant, Allen Theo Perry III, was charged with distribution of a counterfeit controlled dangerous substance, Schedule II, in violation of LSA-R.S. 40:967(A)(2). Pursuant to a plea bargain, defendant pled guilty to attempted distribution of a counterfeit controlled dangerous substance, Schedule II. The trial judge sentenced defendant to four years at hard labor and fined him $5,000.00 and Court costs, or on default to serve one year at hard labor. The defendant timely appealed his sentence. We vacate the sentence and remand for resentencing.

FACTS
On April 14, 1984, defendant sold what he claimed were ten "357 magnums" (Apparently a street or slang name for a Schedule II controlled dangerous substance) to an undercover police officer for $10.00. A subsequent lab report revealed that the pills were counterfeit in that they did not contain any controlled dangerous substances. The defendant pled guilty to attempted distribution of a counterfeit controlled dangerous substance. After sentence the defendant timely appealed his sentence. The defendant alleges that the trial judge (1) failed to properly apply the guidelines of LSA-C.Cr.P. Art. 894.1; (2) failed to state for the record the factual basis for the considerations he took into account in imposing sentence as required by Art. 894.1; and (3) imposed an unconstitutionally excessive sentence.

ASSIGNMENTS OF ERROR NUMBER 1 AND 2
Defendant's first and second assignments of error actually present the issue of whether or not the trial court adequately followed the guidelines set forth in La.C. Cr.P. Art. 894.1. In addition to guiding the trial judge as to whether imprisonment is warranted instead of probation or a suspended sentence, the provisions of La.C. Cr.P. Art. 894.1(A) and (B) must also be considered by the trial judge in setting the length and other conditions of incarceration when actual imprisonment is imposed. The criteria in the article are used to analyze the pertinent factual aspects of the offense and the offender so that the sentence will *346 be particularized for that defendant. See State v. Murdock, 416 So.2d 103, 105 (La. 1982); State v. Sepulvado, 367 So.2d 762, 769-72 (La.1979); State v. Fontenot, 438 So.2d 1301, 1302 (La.App. 3rd Cir.1983). However, Article 894.1 does not require the trial judge to articulate every aggravated and mitigating circumstance so long as the record reflects that he adequately considered these guidelines in particularizing the sentence to the individual defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La.1983). The record must show that the trial judge considered the mitigating circumstances as well as those militating for imprisonment. State v. Davis, 449 So.2d 452 (La.1984); State v. Duncan, 420 So.2d 1105 (La.1982). This mandatory codal requirement for articulation and recordation of the reasons for the imposition of a particular sentence provides an objective indication as to whether the trial judge actually applied the relevant criteria contained in La.C.Cr.P. Art. 894.1 to the facts and the background of the offense and the offender. This statement of reasons is also an important aid to appellate courts in the review of an allegedly excessive sentence. State v. Forshee, 395 So.2d 742 (La.1981). Compliance with La.C.Cr.P. Art. 894.1(C) by the trial judge also "... afford[s] a reviewing court some insight into the reasoning process of the trial judge, so that the propriety of the sentence can be better evaluated." State v. Price, 403 So.2d 660, 664 (La.1981). See also State v. Brown, 440 So.2d 994, 997 (La.App. 3rd Cir.1983), writ denied 444 So.2d 120 (La.1984).
If the sentence imposed is not apparently severe and is in the lower range of the permissible sentence for the pertinent crime, we will not vacate the sentence and remand to the trial court for resentencing even though the trial judge failed to articulate reasons for the sentencing in accordance with La.C.Cr.P. Art. 894.1(C). State v. Jones, 412 So.2d 1051, 1056 (La.1982); State v. Rainwater, 448 So.2d 1387, 1389 (La.App. 3rd Cir.1984). However, in this case, the sentence imposed is clearly in the upper range of the allowable sentence which could be imposed. See LSA-R.S. 40:967(A)(2) and LSA-R.S. 14:27. More severe sentences are reserved for cases involving the most serious violations of the charged offense by "the worse kind of offender." State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984). The trial judge is given a wide discretion in the imposition of sentences within statutory limits and the sentence imposed by him should not be set aside as excessive in the absence of an abuse of his discretion. State v. Forshee, supra, and cases cited therein. Thus, without articulated reasons by the trial judge that show his determination that the defendant committed a particularly serious violation of the relevant statute, and that the defendant is "the worst kind of offender," we will vacate this high and apparently severe sentence and remand for resentencing in accord with La.C.Cr.P. Art. 894.1. See State v. Quebedeaux, supra, at page 1015.
At the sentencing hearing in this case, the trial judge did not state for the record the considerations made by him and the facts on which they were based before imposing the sentence. A pre-sentence report was rendered to the Court and defense counsel and filed in the record at the time of the sentencing hearing. Defendant's counsel stated on the record all of the mitigating factors which he wanted the Court to consider before imposing sentence on the defendant. They included the fact that defendant pled guilty to attempted distribution of a counterfeit controlled dangerous substance; that defendant was only 30 years old; that defendant was a veteran of the United States Army and the Louisiana National Guard; that defendant was enrolled in "Votech" school and had already earned his G.E.D. High School Diploma; that defendant contributed to the support of his five children; that defendant had no prior record of criminal activity, and that defendant was a first felony offender. Prior to imposing sentence, the trial judge stated on the record that:

*347 "[a] confinement sentence is appropriate in this case, given the fact that defendant is 30 years of age; he has a poor employment history; that the seriousness of the crime would be deprecated if a lesser sentence were given. He is in need of correctional environment which can best be afforded by his confinement to an institution. Court having considered the mitigating factors of the sentencing article finds that where those are applicable they are outweighed by the aggravating factors revealed by the report." (Sentencing Transcript page 57.)
After reviewing the reasons given by the trial judge for the sentence imposed upon the defendant we must conclude that the trial judge failed to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence" in compliance with La.C.Cr.P. Art. 894.1. It is well settled Louisiana law that a mere recitation of the considerations under Art. 894.1 does not satisfy the articulation and recordation requirements of that law. E.g. State v. Williams, 396 So.2d 296 (La.1981), appeal after remand, 412 So.2d 1327 (La.1982). Rather, the trial judge must relate the specific facts and background of the offense and the offender that have been presented to the court to the relevant considerations under the article, and explain from this factual basis why and how relevant provisions of La.C.Cr.P. Art. 894.1 weigh in his or her sentencing decision. State v. Williams, supra; State v. Franks, 373 So.2d 1307, 1308 (La.1979), cert. denied 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). For these reasons we find that the trial judge did not adequately comply with the requirements of La.C.Cr.P. Art. 894.1 before imposing sentence.

ASSIGNMENT OF ERROR NUMBER 3
The defendant contends that his sentence of four years at hard labor with an additional $5,000.00 fine or in default to serve one year, together with Court costs, is excessive and in violation of Art. I § 20 of the 1974 Louisiana Constitution as interpreted in State v. Sepulvado, supra. The maximum sentence provided for attempted distribution of counterfeit controlled dangerous substance, Schedule II, is five years at hard labor and a $7,500.00 fine, together with costs of Court. LSA-R.S. 40:967(A)(2) and LSA-R.S. 14:27. The sentence imposed by the trial court is within the statutory limits. However, even a sentence which falls within the statutory limits may violate a defendant's right against excessive punishment. La. Const. Art. I, § 20; State v. Sepulvado, supra; State v. Spencer, 374 So.2d 1195 (La.1979); State v. Brown, 412 So.2d 998 (La.1982). In State v. Davis, 449 So.2d 452 (La.1984), the Supreme Court stated that:
"A punishment is considered constitutionally excessive if it makes no measureable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." (Citations omitted.) State v. Davis, 449 So.2d 452, at page 453 (La.1984).
Our court has recently summarized the standard for determining whether a sentence is excessive and the proper scope of appellate review for an excessive sentence by stating:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Morgan, 428 So.2d 1215, at page 1216.
*348 We believe that the sentence imposed in the case presently before the court is "apparently severe in relation to the offender and the offense." Our review of the record convinces us that the sentence imposed is excessive as it is so grossly disproportionate to the severity of the offense as to be shocking to our sense of justice. The offense committed is not a violent one. The defendant pled guilty to the crime of attempted distribution of a counterfeit controlled dangerous substance. There is no proof in the record of what illegal drug "357 Magnums" has reference to in the street or slang parlance of those involved in illegal drug traffic. The defendant has no juvenile record and no previous misdemeanor or felony convictions. We believe the trial judge erred in finding that the defendant had a poor employment history. Considering the fact that the defendant is only 30 years of age and has been in both the United States Army and the Louisiana National Guard and has been working both during and between periods of obtaining an education, as reflected in the pre-trial report, and that he is presently attending the Sabine Vocational Technical School, we consider defendant's employment record similar to that of other young men who, in order to financially support themselves, combine employment and the pursuit of higher education. We further note that the record reflects that the defendant has been found by the Court to be indigent and that counsel was appointed for him. Yet, the Court sentenced this indigent defendant to pay a fine of $5,000.00 and Court costs or in default to serve an additional one year. In contrast, we note that in the case of an indigent defendant it is impermissible to impose a prison term in lieu of fine payment that would result in the defendant serving a longer term than the maximum for the offense. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). It is impermissible to imprison an indigent defendant for failure to pay a fine for a crime punishable by fines only. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). If the Court determines a fine to be the appropriate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). As the United States Supreme Court stated in the Bearden case:
"The rule of Williams and Tate, then, is that the State cannot `impos[e] a fine as a sentence and then automatically conver[t] it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.' Tate, supra [401 U.S.], at 398, 91 S.Ct., at 671." Bearden v. Georgia, 461 U.S. 660, at page 665, 103 S.Ct. 2064, at page 2070.
See also State v. Jones, 474 So.2d 66 (La.App. 3rd Cir.1985), Number CR84-455 on the Docket, rendered on April 10, 1985.
For the above reasons we find the sentence imposed to be constitutionally excessive. Defendant's apparently severe sentence was not imposed in compliance with La.C.Cr.P. Art. 894.1. We find that the trial judge has not stated for the record the considerations, and the facts on which they are based, mitigating against a probated or suspended sentence in accordance with the provisions of La.C.Cr.P. Art. 894.1. When the reasons for an apparently severe sentence are not assigned and do not appear in the record itself, the sentence must be vacated, State v. Williams, supra, and cases cited therein. For these reasons, we vacate defendant's sentence and remand the case to the trial court for consideration, in accordance with La.C.Cr.P. Art. 894.1 and the views herein expressed.
SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.