476 So.2d 1162 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Harvey Derail WHITE, Jr., Defendant-Appellant.
No. CR84-1082.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1163 Elizabeth Pickett, Many, for defendant-appellant.
James L. David, Don M. Burkett, Dist. Attys., Many, for plaintiff-appellee.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the defendant was denied effective assistance of counsel, whether or *1164 not the trial judge properly followed the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1, and whether or not the sentence imposed is unconstitutionally excessive.
Defendant, Harvey Derail White, Jr., (hereinafter White), was indicted and pled guilty to Criminal Conspiracy to Distribute a Controlled Dangerous Substance, Schedule I: Marijuana in violation of LSA-R.S. 40:966(A)(1) and LSA-R.S. 14:26. White was sentenced to serve four years at hard labor and to pay a fine of $5,000.00 together with costs of court and in default of payment of the fine and costs to serve one additional year at hard labor. White timely appealed his conviction and sentence.
On appeal, White alleges that (1) he was denied effective assistance of counsel; (2) the trial judge failed to follow the sentencing guidelines as set forth in La.C.Cr.P. Art. 894.1; (3) the trial judge failed to state for the record the considerations taken into account, and their factual basis, in imposing sentence as required by La.C.Cr.P. Art. 894.1; and (4) the sentencing judge imposed an unconstitutionally excessive sentence. We affirm the conviction but recall, vacate, and set aside the sentence and remand for resentencing.

FACTS
On April 26, 1984, White was arrested on a charge of Distribution of a Controlled Dangerous Substance, Schedule I: Marijuana. The court appointed Mr. William D. Dyess, a local attorney, to represent White upon the Court finding White to be indigent. On May 30, 1984, a Sabine Parish Grand Jury returned a true bill against White, charging him with Criminal Conspiracy to Distribute a Controlled Dangerous Substance, Schedule I: Marijuana, in violation of LSA-R.S. 40:966(A)(1) and LSA-R.S. 14:26.[1]
After originally pleading not guilty, White, on the morning of his trial before a jury and pursuant to a plea bargain, withdrew his former plea of not guilty and entered a plea of guilty to Criminal Conspiracy to Distribute a Controlled Dangerous Substance. As part of this plea bargain the State agreed not to charge White with Distribution of a Controlled Dangerous Substance. After a hearing, at which the trial judge determined that White knowingly and voluntarily entered his guilty plea, and after determining that there was a factual basis for White's plea of guilty, the trial judge accepted White's guilty plea. Following a pre-sentence investigation, and after the pre-sentence investigative report was reviewed by the Court and defense counsel, the trial court held a sentencing hearing and sentenced White to serve a term of four years at hard labor, and to pay a fine of $5,000.00 together with costs of court or in default of payment of the fine and costs to serve one additional year at hard labor. The defense counsel appointed for the indigent White (1) timely appealed assigning Specifications of Error Numbers (2), (3), and (4) above. After the appeal was taken White retained counsel who enrolled for him in the appeal and the court-appointed counsel was permitted to withdraw. White through his retained counsel filed a supplemental assignment of error, assigning Specification of Error Number (1) above.

DEFENDANT'S ASSIGNMENT OF ERROR NO. 1
White's supplemental assignment of error presents the issue of whether he was denied effective assistance of counsel. White argues that his court-appointed attorney (1) did not understand the nature of the grand jury indictment against him and wrongfully advised him he was entering into a plea bargain, when in fact he was not; and (2) that White's guilty plea was not entered knowingly and voluntarily as he had not been informed of the correct nature of the situation. White claims he relied on the representations made to him by his court-appointed attorney, who lacked *1165 a complete understanding of the nature of the crime for which White was indicted, resulting in him not making a voluntary and knowing waiver of his rights in entering his plea of guilty.
As was noted by the Louisiana Supreme Court in State v. Ratcliff, 416 So.2d 528 (La.1982), an allegation of ineffective assistance of counsel is an issue more properly raised by a writ of habeas corpus. However, "where `the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy,' the issue will be considered. State v. Ratcliff, supra at 530." State v. Seiss, 428 So.2d 444, 449 (La.1983). Since White has assigned such error on appeal and the present record discloses evidence needed to decide this issue in the interest of judicial economy this court will address White's allegation of ineffective assistance of counsel.
White alleges that his court-appointed attorney did not understand the nature of the grand jury indictment against White and wrongfully advised him that he was entering into a plea bargain when in fact he was not and, as a result, his guilty plea was not entered knowingly and voluntarily. More specifically, White draws our attention to the Motion For A Preliminary Examination filed by his court-appointed attorney which alleged in part:
"2.
"Defendant has been charged herein with the crime of distribution of a controlled dangerous substance, Schedule I: marijuana by a bill of information filed by the District Attorney." (Tr. page 17.)
"Effective assistance of counsel does not mean `errorless' counsel, or counsel which may be judged ineffective on mere hindsight, but counsel `reasonably likely to render and [actually] rendering reasonably effective assistance.' State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982)." State Ex Rel. Graffagnino v. King, 436 So.2d 559, 564 (La. 1983).
In the case of State v. Berry, 430 So.2d 1005 (La.1983), the Louisiana Supreme Court established a test for analysis of claims of ineffective assistance of counsel. Adopting the two pronged inquiry set forth in McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974), the court established the first inquiry to be whether counsel violated some duty to the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case. See also State Ex Rel. Graffagnino v. King, supra.
The United States Supreme Court has also recently addressed the issue of "effective assistance of counsel" in the case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in which the court stated in part:
"No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." 104 S.Ct. at 2065.
In the case at hand, White has failed to show that his court-appointed attorney violated a duty owed to him, a showing required under the first prong of the Berry inquiry. We acknowledge the fact that in the Motion for a Preliminary Examination, White's court-appointed attorney did refer to the more serious crime of Distribution of a Controlled Dangerous Substance as being the crime White was charged with by a bill of information.
However, the record at the sentencing hearing makes it clear that White's attorney understood that White was then indicted for and entering a plea of guilty to the crime of criminal conspiracy to distribute marijuana, rather than the more serious crime of distribution of marijuana, and that the State was contemplating charging the defendant with the more serious crime of distribution, to-wit:

*1166 DISTRICT ATTORNEY: "Your Honor, he is charged with conspiracy to distribute marijuana, along with another individual, Clinton Staton. The State has agreed with Mr. White that if he would plead guilty to conspiracy, we would not file the original bill against him, charging him with the completed crime."
MR. DYESS: "That's correct, Your Honor, and there is no recommendation as to sentence. I would tell the Court that I have been through the rights with him, his right to trial. He is young. He has some sort of a learnign [sic] disability and perhaps the Court needs to know that insofar as questioning him about his rights. He understands what he is doing, he understands the penalty, Judge." (Tr. pages 49-50.)
The record indicates that White's courtappointed attorney was well aware that the District Attorney had sufficient evidence to charge White as a principal for Distribution of a Controlled Dangerous Substance. The record indicates that the State had given White, through his court-appointed attorney, notice that Clinton Staton, Jr., the alleged co-conspirator, was going to testify against White. The record of the sentencing clearly shows that the trial judge was very careful, because of White's alleged disability, to explain everything to White and to make sure White fully understood the charge against him, his legal rights, and what he was doing. White himself was well aware of the charge he was pleading to, as appears from the following colloquy between White and the Court:
"THE COURT: Again, is your only understanding, then, about your plea is that the State will not prosecute you for the more serious crime of distribution of marijuana if you plead guilty, as you are doing, to criminal conspiracy to distribute marijuana, a less serious crime, do you understand that?
THE DEFENDANT: YES, SIR.
THE COURT: Is that your understand [sic] about this, and your only understanding about it?
THE DEFENDANT: Yes, sir.
THE COURT: No one has promised you that I will give any particular sentence, have they?
THE DEFENDANT: No, sir.
THE COURT: You understand that is my decision to make, and I make that decision only after I order a pre-sentence investigation to be made in your case and receive a report of that investigation, do you understand that?
THE DEFENDANT: Yes, sir." (Tr. pages 53-54)
More important, the record clearly not only reflects that White himself understood the nature of the charge against him, to which he was pleading guilty, but that a plea bargain was being entered into by his pleading guilty, and that he freely and voluntarily entered his plea. At the time of White's plea of guilty the court personally addressed him and the record reflects the following:
"THE COURT: You understand now, that you are pleading guilty to conspiracy to distribute marimuana [sic] ...
THE DEFENDANT: Yes, sir. (Tr. pages 54-55.)
* * * * * *
THE COURT: [C]riminal conspiracy is the agreement or comgination [sic] of two (2) or more persons for the specific purpose of committing any crime. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: That's where (2) people get together basically to commit a crime. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Provided, now, that this agreement or combination will not amount to a criminal conspiracy unless in addition to such agreement or combination one (1) or more such parties does an act in furtherance of the object of the agreement or combination; in other words, two (2) people have to *1167 agree, to make up their minds together to commit acrime, [sic] and additionally one of them, either one of them, must take a step toward committing that crime before you have a conspiracy. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: The law also provides if the basic crime that the (2) people intend has been committed, the conspirators may be tried for either the conspiracy or the completed offense and a conviction for one shall not bar prosecution for the other. Now in your case, the State has stated and it is a matter of record, that they will not prosecute you for the completed offense, that is distribution because of your plea of guilty to conspiracy to distribute. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Now a conspiracy to commit any crime, any other crime, shall be fined or imprisoned, or both, in the same manner and for the offense contemplated by the conspirators, but such fine of imprisonment shall not exceed one-half (½) of the largest fine or one-half (½) of the longes [sic] term of imprisonment provided for such offense, or both. That means the maximum possible penalty that you are looking at in your case here for conspiracy to distribute marijuana is a maximum prisonment at hard labor for not more [than] five (5) years and a maximum fine of not more than seven thousand five hundred ($7,500). Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Are you satisfied with the work and advice of your lawyer, Mr. Dyess, has provided you?
THE DEFENDANT: Yes, sir.
THE COURT: You understand he is available to you and will continue to be available to you if you went on to trial?
THE DEFENDANT: Yes, sir.
THE COURT: To help you claim and exercise these rights?
THE DEFENDANT: Yes, sir.
THE COURT: And you are satisfied with his representation?
THE DEFENDANT: Yes, sir." (Tr. pages 55-58.)
The defendant's claim on appeal that his court-appointed attorney did not understand the nature of the grand jury indictment and wrongly advised him that he was entering into a plea bargain, when in fact he was not, and that his guilty plea was therefore not entered knowingly and voluntarily is totally without merit in light of the record. It is clear from the transcript made in Open Court that the trial judge, the assistant district attorney, White's court-appointed attorney, and even White himself were all well aware that he was entering a plea of guilty to the charge of conspiracy to distribute marijuana in exchange for the State agreeing not to charge him with distribution of marijuana.
The defense argues there can be no plea bargain as White only pled guilty to the charge originally brought against him. There can be a plea bargain by the defendant gaining an advantage other than a charge reduction. White obtained such advantage by his plea to the crime for which he had been charged. The State agreed, in exchange for White's guilty plea to conspiracy to distribute marijuana, not to prosecute White for distribution of marijuana. The State had a right to prosecute White for both crimes had it chosen to do so. Conspiracy to commit a crime is an inchoate crime separate and distinct from the completed criminal act. State v. Richards, 426 So.2d 1314 (La.1982); State v. Walker, 476 So.2d 1158 (La.App. 3rd Cir.1985).
The record is void of any evidence that demonstrates that White's court-appointed attorney breached any duty of care in his representation of White or that White was prejudiced in any way by the representation of his court-appointed attorney. To the contrary, the record demonstrates that White's court-appointed attorney arranged a favorable plea bargain for him. This bargain resulted in White not also being *1168 charged as a principal in the crime of distribution of marijuana based on the evidence, consisting of the testimony of the undercover agent who bought the marijuana and the testimony of a co-conspirator, apparently available to the State. The record amply demonstrates that the court-appointed attorney, whose representation White now complains of, obtained a very favorable plea bargain for White.
For these reasons we find that White was not denied effective assistance of counsel and knowingly and intelligently waived his legal rights and freely and voluntarily entered into the favorable plea bargain arranged for him by his court-appointed attorney. Accordingly, we find that this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS 2 AND 3
White's second and third assignments of error present the issue of whether the trial judge adequately complied with the sentencing guidelines of La.C.Cr.P. Art. 894.1. Although the trial court need not articulate every aggravating and mitigating circumstance set forth in Art. 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La. 1983). This mandatory codal requirement for articulation and recordation of the reasons for the imposition of a particular sentence provides an objective indication as to whether the trial judge actually applied the relevant criteria contained in La.C.Cr.P. Art. 894.1 to the facts and the background of the offense and the offender. State v. Perry, 472 So.2d 344 (La.App. 3rd Cir. 1985). "Compliance with La.C.Cr.P. Art. 894.1(C) by the trial judge also afford[s] a reviewing court some insight into the reasoning process of the trial judge, so that the propriety of the sentence can be better evaluated.' State v. Price, 403 So.2d 660, 664 (La.1981)." State v. Perry, supra. Where the sentence imposed is apparently excessive the appellate court will vacate the sentence and remand to the trial court if the trial judge has failed to comply with the requirements of La.C.Cr.P. Art. 894.1. State v. Jones, 412 So.2d 1051, 1056 (La.1982); State v. Rainwater, 448 So.2d 1387, 1389 (La.App. 3rd Cir.1984); State v. Perry, supra.
The trial judge ordered a pre-sentence investigation and upon completion of the pre-sentence investigation, the trial judge and court-appointed counsel were provided with and reviewed a copy of the pre-sentence investigation report. There is no doubt that the trial judge reviewed and considered the pre-sentence report. In fact, at White's sentencing hearing, the trial judge stated:
"The report also indicates that the defendant is twenty-one (21) years of age; that he apparently has no prior juvenile record and no prior criminal record. He completed the twelfth (12) grade at Florien High School, under a special educational alternative degree; that he is presently employed with Country Pride.
The report does not reveal that at any time during the investigation that this defendant ever revealed the supplier of the marijuana which he was arrested for, being involved in a conspiracy to distribute.
Court finds that whatever mitigating factors are applicable in this case are outweighed by-the aggravating factors of the sentencing guideline article 894.1 of the Louisiana Code of Criminal Procedure, and by the obvious dangers to society of this sort of criminal conduct, distribution and conspiracy to distribute dangerous substances." (Tr. pages 63-64.)
It is well settled Louisiana law that a mere recitation of the considerations under La.C.Cr.P. Art. 894.1 does not satisfy the articulation and recordation requirements of that law. See e.g. State v. Williams, 396 So.2d 296 (La.1981), appeal after remand 412 So.2d 1327 (La.1982); State v. Perry, supra. Rather, the trial judge must relate the specific facts and background of the offense and the offender that have *1169 been presented to the court to the relevant considerations under the article, and explain from this factual basis why and how the relevant provisions of La.C.Cr.P. Art. 894.1 weigh in the sentencing decision. State v. Perry, supra. In this case, the trial judge did no more than recite some of the information from the pre-sentence report and did not fully set forth his reasons why imprisonment of White was necessary. We therefore find that the trial judge did not adequately comply with the guidelines of La.C.Cr.P. Art. 894.1 before imposing sentence. For this reason we find assignments of error numbers two and three to have merit.

ASSIGNMENT OF ERROR NUMBER 4
In his fourth assignment of error, White contends that his sentence of four years at hard labor and a fine of $5,000.00 together with costs of the prosecution, in default of payment to serve one additional year, is excessive and an arbitrary infliction of severe punishment. The maximum sentence provided for Conspiracy to Distribute a Controlled Dangerous Substance, Schedule I: Marijuana, is five years at hard labor and a $7,500.00 fine. LSA-R.S. 40:966(B)(2) and LSA-R.S. 14:26.
The Supreme Court has summarized the proper scope of appellate review to be accorded a determination of whether a sentence is excessive by stating:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir. 1983).
The courts of this State have repeatedly held that a sentence that falls within the statutory limits may nevertheless violate a defendant's constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Brown, 412 So.2d 998, 999 (La.1982); State v. Perry, supra.
Although the sentence imposed in this case is within the statutory limits, we believe that the penalty is so disproportionate to the crime committed as to shock our sense of justice, and thus violates White's right against excessive punishment.
The record reflects that White had been found by the Court to be indigent and for that reason had been provided with court-appointed counsel to represent him in this matter. Nevertheless, White was sentenced to pay a fine of $5,000.00 and costs of prosecution, or in default of payment to serve one additional year. Although a defendant's poverty does not immunize him from punishment, a court cannot impose a fine as a sentence and then automatically convert it into a term of imprisonment solely because the defendant is indigent and cannot pay the fine. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. LaGrange, 471 So.2d 1186, 1188 (La.App. 3rd Cir.1985); State v. Perry, supra. Under the circumstances of this case, we find that the substantial fine imposed on a 21 year old indigent is constitutionally excessive and assignment of error number four to have merit.
For the foregoing reasons, we affirm White's conviction but recall, vacate, and set aside White's sentence and remand the case to the trial court for resentencing in compliance with La.C.Cr.P. Art. 894.1 and the views herein expressed.
CONVICTION AFFIRMED BUT SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] The indictment specifically charged that "Harvey Derail White, Jr. did knowingly and intentionally agree to transport and did transport one, Clinton Staton, Jr. in a vehicle for the purpose of Clinton Staton, Jr. obtaining Marijuana to distribute ..."