STOKER, Judge.
Defendant, Leon T. Jardell, was charged by bill of information with distribution of *41 marijuana, in violation of LSA-R.S. 40:966(A)(1). On March 16, 1986 the defendant pleaded guilty and a presentenee investigation was ordered. On April 28, 1986 the trial judge sentenced the defendant to serve four years at hard labor, but suspended said sentence and placed the defendant on supervised probation for three years with the following special conditions: (1) pay a fine of $1,800, (2) serve six months in the parish jail on a work release program, (3) attend a substance abuse program, and (4) pay a supervisory probation fee of $10 per month. Defendant appeals his sentence as being excessive, especially the special condition requiring him to serve time in the parish jail on a work release program.
The penalty for a defendant convicted of distributing marijuana is imprisonment at hard labor for not more than ten years and a fine of not more than $15,000. LSA-R.S. 40:966(B)(2). The defendant’s probated sentence of four years at hard labor with special conditions falls within the statutory limits for sentencing; however, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. LSA-Const. Art. 1, Sec. 20; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Brown, 412 So.2d 998 (La.1982). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363. (La.1981).
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra, State v. Beavers, 382 So.2d 943 (La.1980).
The presentence investigation report indicates that defendant is a first offender with no prior juvenile or adult record and, as such, was a candidate for probation for this offense. LSA-C.Cr.P. art. 893. Due to the nature of the transaction, however, the district attorney and local law enforcement agencies, as well as the probation agent who prepared the report, all recommended prison sentences. The trial judge, nevertheless, sentenced the defendant to four years at hard labor, suspended the sentence, and imposed several conditions of probation, one of which was that the defendant serve six months in the parish jail on a work release program.
Inasmuch as the defendant could have been sentenced to a maximum of ten years at hard labor and given a $15,000 fine, it does not appear that six months in the parish jail on a work release program as a special condition of probation is excessive. It therefore cannot be maintained that the trial judge abused his wide discretion in imposing sentence.
This assignment of error lacks merit.
Accordingly, for the reasons assigned herein the defendant’s sentence is affirmed.
AFFIRMED.