# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1281

STATE OF LOUISIANA

VERSUS

ANDRAE RASHUN ALLEN

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76082
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
Telephone: (337) 991-9757
COUNSEL FOR:
    Defendant/Appellant - Andrae Rashun Allen

Asa Allen Skinner
District Attorney, Thirtieth Judicial District Court
Terry W. Lambright
Assistant District Attorney, Thirtieth Judicial District Court
P. O. Box 1188
Leesville, LA 71446
Telephone: (337) 239-2008
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

In 2009, Defendant, Andrae Rashun Allen (Allen), was charged with the offenses: (Count 1) simple robbery, a violation of La.R.S. 14:65; (Count 2) aggravated assault, a violation of La.R.S. 14:37; (Count 3) simple battery, a violation of La.R.S. 14:35; (Count 4) faulty exhaust system, a violation of La.R.S. 32:352; (Count 5) expired license plate, a violation of La.R.S. 47:508; and, (Count 6) possession with intent to distribute cocaine, a violation of La.R.S. 40:967(A). Allen pled guilty to the reduced charge of misdemeanor theft, to aggravated assault, to simple battery, and to the reduced charge of possession of cocaine. The remaining charges were dismissed.

The trial court sentenced Allen to the following concurrent sentences with credit for the time served: Count 1 - six months in jail, pay court costs, and make restitution to the victim in the amount of $489.00; Count 2 - one hundred twenty days in jail and pay court costs; Count 3 - six months in jail and pay court costs; and Count 6 - five years at hard labor and pay a $2,000.00 fine and court costs. Allen filed a motion to reconsider sentence that the trial court summarily denied.

Allen appealed, asserting that his sentence for possession of cocaine is excessive. For the following reasons, we affirm.

## ISSUES

We shall consider whether:

(1)    the sentence of five years at hard labor was excessive where a twenty-nine-year-old Defendant was charged with possession with intent to distribute cocaine but pled guilty to a reduced charge of possession of cocaine and was a fourth-felony offender with a history of parole revocations;

(2)    in addition to the five-year sentence referenced above, the imposition of a fine of two thousand

dollars, less than half of the maximum possible, was excessive.

## FACTS

At the time of Allen's guilty plea, the State established that on November 5, 2008, Allen was stopped in the parking lot of Shop Rite in Vernon Parish and was in possession of cocaine.

At sentencing, the trial court observed that in drug cases such as this one, there is a significant economic impact on society. The trial court noted that there were no substantial grounds to excuse Allen's behavior even though Allen denied knowledge of the presence of drugs in the vehicle. The trial court considered Allen's age, his high-school education, his good physical health, and that he was single and without children. The trial court then focused on Allen's criminal history, noting Allen's use of marijuana since the age of twelve without receiving any treatment. The trial court observed that Allen was a fourth felony offender previously convicted of: (1) as a juvenile, theft of property and possession of marijuana in 1996; (2) as an adult, theft and burglary in 1997; (3) illegal use of a weapon in 1998; and, (4) simple burglary of an inhabited dwelling and theft, felony grade, in 1999. Finally, the trial court noted Allen's history of parole revocations.

## LAW AND DISCUSSION

### Excessiveness of Sentence

Allen argues that his five-year sentence for possession of cocaine was excessive and that the trial court failed to comply with La.Code Crim.P. art. 894.1 in fashioning the sentence.

"No law shall subject any person . . . to cruel, excessive, or unusual punishment." La.Const. art. 1, § 20.

2

> To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman,* 99-1528, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted). The following factors are applied when determining whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals: "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment[,] and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citing *State v. Smith*, 99-606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501). Although a comparison of sentences imposed for similar crimes can be helpful, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *Id.* (quoting *State v. Batiste*, 594 So.2d 1, 3 (La.App. 1 Cir. 1991)). Because the trial court is in the best position to evaluate the aggravating and mitigating factors of a particular case, "it is within the purview of the trial court to particularize the sentence." *Id.* Finally, "[a]s a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169 (citing *State v. Grissom*, 29,718 (La.App. 2 Cir. 8/20/97), 700 So.2d 541; *State v. Walker*, 573 So.2d 631 (La.App. 2 Cir. 1991)).

Possession of cocaine is punishable by imprisonment, with or without hard labor, for not more than five years, or a fine of not more than $5,000.00, or both.

La.R.S. 40:967(C). Thus, Allen's five-year sentence was the maximum possible, but his $2,000.00 fine was less than one-half of the maximum possible. Allen received a significant benefit from his plea agreement. In addition to the reduction of two charges, two charges were dismissed, significantly diminishing his sentencing exposure.

On appeal, Allen concedes that the trial court examined his personal and criminal history at sentencing. Yet, he maintains that the trial court's personal feelings about drug cases overshadowed its duty to particularize the sentence. Therefore, Allen argues, the trial court did not demonstrate compliance with the purpose of La.Code Crim.P. art. 894.1 to insure that the sentence was individualized.

Allen adds that his personal history should be considered, including not only his age, but also that he had smoked marijuana since he was twelve and had not received any treatment. Allen also stresses that his only prior drug offense was as a juvenile. Further, Allen points to his high school education and asserts that he has worked in hospitals, stripping, waxing, and buffing floors, and thus, with rehabilitation and treatment, has the potential to re-enter society as a contributing member.

Finally, Allen maintains that he is not the worst type of offender and the offense was not the most serious of offenses. He asserts that no one was injured in the crime and that the effect on society, in general, should not be a factor in justifying a maximum sentence. Allen does not refer to any jurisprudence upon which he relies in making this argument.

The record reflects that the trial court considered Allen's Presentence Investigation Report which contained a plethora of information, including his personal, employment, social, and criminal history. The trial court then referred to

4

several of the facts contained in the report at sentencing. Most notable is that Allen is a fourth felony offender.

This court affirmed a $1,500.00 fine and the maximum five-year sentence for possession of cocaine in a case in which the defendant had two previous drug convictions, was originally charged with possession of cocaine with intent to distribute, and in which the State refrained from billing the defendant as a habitual offender. *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744.

A five-year sentence for possession of cocaine was also affirmed in a case in which the trial court imposed no fine on a defendant who had a criminal history indicating that he was a career criminal with no prior convictions. *State v. McCorkle,* 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.

Finally, this court affirmed a sentence of five years at hard labor in a case in which the twenty-six-year-old defendant, originally charged with possession with intent to distribute cocaine, was a third-time felony drug offender with a history of probation and parole revocations. *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127.

The mitigating and aggravating facts in this case are similar to those in the above-referenced cases. Considering the trial court's reasons for sentencing, in addition to the jurisprudence supporting the maximum sentence for similarly situated defendants, this court concludes that the five-year imprisonment imposed on Allen is not excessive.

**Indigence and Imposition of Fine**

Allen argues that he is indigent, and, thus, the imposition of a $2,000.00 fine was not appropriate. In support, Allen refers to *State v. Perry*, 472 So.2d 344 (La.App. 3 Cir. 1985). There, a defendant who pled guilty to attempted distribution

of a counterfeit schedule II controlled dangerous substance was found indigent by the trial court and was appointed counsel for his defense. In addition to four years of imprisonment at hard labor, an upper-range sentence, the trial court imposed a $5,000.00 fine and court costs, or, in default of paying the fine, imposed an additional year of imprisonment.[1] This court found that sentence excessive.

Relying on *State v. Mims*, 550 So.2d 760 (La.App. 2 Cir. 1989), the State argues that consideration of Allen's ability to pay the fine is premature. In *Mims*, the court discussed the consideration of default jail time before a defendant is required to pay a fine and concluded that such consideration was premature.

The issue in *Perry* and in *Mims* regarding fines was the default jail time, not that the indigent defendant was ordered to pay a fine. Further, in *Perry*, the jail time and fine were both excessive because the trial judge failed to state for the record the considerations and facts upon which the sentence was based.

This court was unable to find any jurisprudence which prohibits or limits the trial court's imposition of a fine on an indigent defendant. Moreover, although the ruling in *Mims* is distinguishable from this case, it does suggest that considering a defendant's indigence prior to the time he is called upon to pay the fine is premature.

As noted above, Allen's $2,000.00 fine was less than one-half of the maximum possible fine. Also, the trial court clearly stated for the record the facts it considered in determining Allen's sentence. Finally, the trial court did not order default time in the event Allen did not pay his fine. For these reasons, Allen's fine is not excessive.

---

[1]The maximum sentence and fine were five years at hard labor and $7,500.00.

## ERRORS PATENT

After reviewing the record, there are two errors patent and a procedural issue worth noting. The bill of information provides the wrong citation for possession of cocaine with intent to distribute. The bill lists it as a violation of La.R.S. 40:966(A), whereas the proper citation is La.R.S. 40:967(A). The erroneous citation of a statute in the charging instrument is harmless error as long as the error does not mislead Defendant to his prejudice. La.Code Crim.P. art. 464.

Here, Allen does not allege any prejudice because of the erroneous citation; thus, any error is harmless. Additionally, by entering an unqualified plea, Allen waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, this court finds this error harmless and/or waived.

There is a misjoinder of offenses in the bill of information. Offenses may be joined in a single bill of information only if the offenses are triable by the same mode of trial. La.Code Crim.P. art. 493. Here, Allen's amended charges in counts one through five (theft under $300.00, aggravated assault, simple battery, a faulty exhaust system, and expired license plate) are misdemeanors, triable by a judge without a jury. La.Code Crim.P. art. 779. Count six, possession of cocaine with intent to distribute, is a felony triable by a jury composed of twelve jurors, ten of whom must concur to render a verdict. La.Code Crim.P. art. 782. Consequently, count six was improperly joined with the misdemeanors.

Nevertheless, Allen did not file a motion to quash the bill of information on the basis of misjoinder of offenses as required by statute. *See* La.Code Crim.P. art. 495. Additionally, by entering an unqualified guilty plea, Allen waived review of this non-jurisdictional pre-plea defect. *See Crosby*, 338 So.2d 584.

7

Finally, we note that the proper mode of review for the misdemeanor offenses is an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1. In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, the defendant appealed his convictions for two felonies and one misdemeanor, but made no specific arguments regarding his misdemeanor conviction. Thus, this court severed the misdemeanor conviction from the defendant's appeal of the two felony convictions. The court ordered the defendant to file a writ of review regarding the misdemeanor conviction in compliance with the Rules of Court. *Id.* There, if the defendant desired to seek review of the misdemeanor conviction, we considered the notice of appeal as a notice to file a writ of review within thirty days of the court's opinion.

As in *Turner*, Allen has not assigned any error regarding his misdemeanor convictions. Additionally, Allen concedes that there is a misjoinder and requests that he be allowed to seek supervisory review of the misdemeanors once the appeal is completed. Therefore, this court severs the misdemeanor convictions from the appeal and orders Allen to file a writ of review in compliance with the Uniform Rules of Court, if he so desires.

## CONCLUSION

Andrae Rashun Allen's sentence is affirmed.

**AFFIRMED.**