STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**13-1189**


STATE OF LOUISIANA

VERSUS

JOHN WESLEY BILLIOT


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 35370-11
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JIMMIE C. PETERS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**John F. DeRosier
District Attorney
Karen C. McLellan
Assistant District Attorney
Fourteenth Judicial District
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**John Wesley Billiot**

**John Wesley Billiot**
**Louisiana State Penitentiary**
**Camp C, Tiger 4/R**
**Angola, LA 70712**
**IN PROPER PERSON**

**PETERS, J.**

The defendant, John Wesley Billiot, entered a no-contest plea to obscenity, a violation of La.R.S. 14:106. Thereafter, the trial court sentenced him to serve three years at hard labor and to pay a fine of $2,500.00. The trial court further ordered that the three-year sentence run consecutive to other sentences the defendant had received for pleas to other charges entered on the same day. After the trial court rejected his motion to reconsider the sentence, the defendant appealed. For the following reasons, we affirm the conviction and sentence in all respects.

## DISCUSSION OF THE RECORD

The matter before us is a companion case to two other appeals now before us involving basically the same issues. However, the appeals are not consolidated as they each arise from different criminal acts. The connecting link is the fact that the three pleas arise from the same plea negotiations with the State of Louisiana (state).

On September 1, 2011, the state charged the defendant by grand jury indictment with two counts of forcible rape, violations of La.R.S. 14:42.1; and with four counts of tattooing and body piercing a minor without consent, violations of La.R.S. 14:93.2. The defendant entered not-guilty pleas to all of the offenses on September 12, 2011. On January 28, 2013, the state amended one count of the indictment to charge the defendant with obscenity and dismissed the remaining charges. On that same day, the defendant entered a no-contest plea to the obscenity charge, and on April 24, 2013, the trial court sentenced the defendant. On that same day, the trial court sentenced the defendant on seven other felonies to which he had previously entered no-contest pleas: three counts of aggravated battery, violations of La.R.S. 14:34; two counts of armed robbery, violations of La.R.S. 14:64; and two counts of armed robbery with a firearm, violations of

La.R.S. 14:64.3.

At the time the defendant entered his plea of no contest to obscenity, the state provided the trial court with the factual basis in support of the charge. This factual basis established that between November 1, 2010 and January 31, 2011, the defendant exposed his genitals and pubic hair to the thirteen-year-old victim in this matter and induced her to expose her vulva and nipples to him. Additionally, the defendant committed sexual acts with the victim and solicited or enticed her to commit the prohibited acts knowing that she was under the age of seventeen. The defendant's purpose in respect to these actions, according to the state, was to arouse the sexual desires or interest of both him and the victim.

On appeal, the defendant asserts (1) that his sentence violates the terms of his plea agreement and that either the plea agreement should be enforced or he should be allowed to withdraw his no-contest plea; (2) that the trial court erred in failing to rule on his pro se motion to withdraw his plea; and (3) that the $2,500.00 fine should be vacated given his indigent status.

### *Assignment of Error Numbers One and Two*

As previously stated, on the day the defendant entered his no-contest plea to the charge in this matter, he did so in two other pending matters involving seven additional felony counts. The end result of his pleas from a sentencing standpoint is as follows:

Trial Court Docket Number 07597-11

Aggravated battery – ten years at hard labor to run consecutive to all of the other sentences. (The state had recommended a ten year hard labor sentence to run current to the other sentences).

This offense was committed on January 15, 2011, and involves a victim different from the victim in the current matter.

Trial Court Docket Number 07619-11

Armed robbery (two counts) – seventy years at hard labor on each count to run concurrently to each other and to be served without the benefit of parole, probation, or suspension of sentence. (The state had recommended fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run concurrent to the other sentences).

Armed robbery with a firearm (two counts) – five years at hard labor to run concurrently with each other, but consecutively with the armed robbery sentences, and to be served without the benefit of parole, probation, or suspension of sentence. (The state had recommended five years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run consecutive to the armed robbery sentences).

Aggravated battery (two counts) – five years at hard labor to run concurrently with each other and concurrently with the two armed robbery counts and the two armed robbery with a firearm counts. (The state had recommended ten years at hard labor on each count to run concurrent with the other sentences).

These offenses were committed on January 3, 2011, and involved victims different from the victim in the current matter.

Trial Court Docket Number 35370-11 (the matter now before us)

Obscenity – three years at hard labor to run consecutively with the other sentences and a fine of $2,500.00. (The state had recommended three years at hard labor to run concurrent with the other sentences).

Additionally, as part of the plea agreement, the state agreed not to pursue the defendant as a habitual offender and to recommend that he receive a combined maximum sentence of twenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence for all of the convictions in the three docket numbers. At the hearing in which the defendant entered his plea, the state made the recommendations to the trial court as promised.

In this first assignment of error, the defendant asserts that despite the plea agreement, his pleas subjected him to sentences totaling eighty-eight years at hard labor instead of twenty-five years. In the second assignment of error, he asserts that the trial court erred in failing to rule on his pro se motion to withdraw his plea.

3

We considered these same assignments of error in the companion cases and have rendered an opinion this day finding no merit in either of those arguments. *State v. Billiott*, 13-1187 (La.App. 3 Cir. __/__/14), __ So.3d __; *State v. Billiott*, 13-1188 (La.App. 3 Cir. __/__/14), __ So.3d __. We adopt the analysis set forth in that opinion as though set forth herein in full and, for those reasons, find no merit in the first two assignments of error.

### *Assignment of Error Number Three*

In his third assignment of error, the defendant asserts that because he is indigent, the $2,500.00 fine should be vacated as no indigent defendant can be subjected to confinement in lieu of payment of a fine or cost. He notes that his indigent status is clear from the record in that he was represented by a court-appointed indigent defender at trial and by the Louisiana Appellate Project on appeal. Finally, he asserts that the fine is unduly burdensome and serves no useful purpose.

Louisiana Revised Statutes 14:106(G)(1) provides that one convicted of obscenity can be punished by imposition of a fine of not less than $1,000.00 nor more than $2,500.00, or imprisonment with or without hard labor for not less than six months nor more than three years, or both. Thus, the fine imposed on the defendant is within statutory limits.

In considering this assignment of error, we note that this very issue has been before us before. In *State v. Allen*, 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091, the defendant argued that the imposition of his $2,000.00 fine should be set aside because of his indigent status. In support of his argument, the defendant referred this court to *State v. Perry*, 472 So.2d 344 (La.App. 3 Cir. 1985), where this court found that a $5,000.00 fine imposed on an indigent defendant, with a

4

one-year prison-default provision, could not stand given the defendant's indigent status.

In *Perry*, the indigent defendant with court-appointed counsel had pled guilty to attempted distribution of a counterfeit schedule II controlled-dangerous substance. In addition to a four-year hard-labor sentence, the trial court ordered the defendant to pay a $5,000.00 fine and court costs, and, in default of paying the fine and costs, the defendant was to serve an extra year of incarceration.

The court in *Allen* distinguished *Perry* in a number of ways, including the fact that in the matter then before it, the trial court had not imposed a default condition on the defendant as had been the case in *Perry*. The court noted that it was unable to find any jurisprudence which prohibited or limited the trial court's imposition of a fine on an indigent defendant other than in situations where default time was imposed on the indigent defendant.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction and sentence in all respects.

**AFFIRMED.**