DOUCET, Judge.
The defendant was charged with one count of simple burglary, a violation of La.R.S. 14:62 and one count of theft, a violation of La.R.S. 14:67. On May 7, 1985, the defendant appeared in open court and, pursuant to a plea bargain agreement with the district attorney’s office, entered a plea of guilty to the charge of simple burglary of an auto salvage yard. The State then dropped the theft charges and another burglary charge. After questioning the defendant, the trial judge accepted his guilty pleas, ordered a pre-sentence investigation report, and set sentencing for a later date. The plea bargain agreement made no reference to a recommendation on sentencing.
Following a hearing on the matter, during which the judge considered the pre-sen-tence investigation report as well as testimony offered on behalf of the defendant, the trial judge sentenced defendant to serve a term of 3 years at hard labor in a state penal institution. The defendant appeals his sentence alleging three assignments of error.
The defendant argues that the trial court failed to particularize the sentence to this defendant, failed to give enough consideration to the testimony of record that the defendant has changed his ways, and failed to articulate the factual basis for, and considerations taken into account in, sentencing the defendant.
The record does not support the defendant’s allegations. In fact, the record clearly illustrates that the trial judge took great pains in determining whether to sentence such a young offender to imprisonment. The judge considered the pre-sentence report and stated for the record:
“The pre-sentence report in this case is not a good one, Mr. Knippers. It indicates that you have an extensive involvement with the criminal justice system, both as a juvenile and as an adult. It indicates that in spite of your age, you have been in and out of trouble all of your life.”
The judge also remarked that he had carefully considered the testimony given in favor of the defendant and was convinced *464 that it was truthful. Nevertheless, the defendant’s prior history of criminal activity, and the recommendation of the report against probation, apparently weighed heavily on the trial judge’s mind. The trial judge also articulated his feeling that extensive damage was done in this case and thus a lesser sentence or probation would not be appropriate. Thus, the judge directly tracked the provisions of La.C.Cr.P. art. 894.1 A(l), (2) and (3), which state that:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”
It also appears from the judge’s remarks that he fully considered the provisions of La.C.Cr.P. art. 894.1 B in several respects. For example, he remarked that the conduct caused serious harm, (“the damage here was extensive”), that the defendant gave no thought to his actions nor was he provoked, and that he would not benefit from being on probation.
This court has repeatedly held that:
“Article 894.1 does not require the trial judge to articulate every aggravated and mitigating circumstance so long as the record reflects that he adequately considered these guidelines in particularizing the sentence to the individual defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La.1983).”
State v. Perry, 472 So.2d 344 (La.App. 3rd Cir.1985).
The record indicates that the trial judge considered the defendant’s young age of 18 and that he was hesitant to see the defendant incarcerated with more experienced criminals. The judge also apparently gave great weight to the testimony that the defendant was working and had changed his life style completely. Nevertheless, the trial judge believed that probation would be inappropriate both as regards the seriousness of the offense and the defendant’s failure to mend his ways after several periods of probation for various offenses.
The standard on appeal for determining whether a sentence imposed by a trial court is unconstitutionally excessive has been established by this court as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion.” (citation omitted). 1
State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983).
After careful review of the record and the law involved in this case, it does not appear that the sentencing judge has abused his discretion. The defendant was convicted of simple burglary, a violation of La.R.S. 14:62 which provides for a penalty of imprisonment with or without hard labor for not more than twelve years. Defendant was sentenced to serve three years imprisonment at hard labor. The trial judge, in his reasons for judgment, made it clear that, after viewing the record, the pre-sentence report, and the testimony at the sentencing hearing, the defendant was in need of incarceration and that probation simply would not work. Serious damage *465 resulted from the defendant’s actions and the defendant’s past indicates that he is likely to be a repeat offender if not incarcerated. For the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.