PER CURIAM.
This is an appeal of a final order of the Florida Department of Business and Professional Regulation (“DBPR”) which imposed a five-year suspension against the appellant’s real estate license. The appellant files a motion to stay that order pending the disposition of this appeal. We grant the motion.
The DBPR’s order adopted the facts set forth in its administrative complaint. In sum, the appellant, a real estate broker, was responsible for supervising a realtor who was found to have stolen approximately $5,000.00 from a client. The complaint concluded that the appellant’s license was due to be suspended pursuant to section 475.25(l)(u), Florida Statutes, which subjects a broker to discipline for failure to “direct, control or manage a broker associate or sales associate employed by such broker.” In support of his motion to stay, the appellant asserts that DBPR has not shown a probable danger to the health, safety, or welfare to the state of Florida should the stay be granted; DBPR contests the motion, asserting that the appellant was negligent in failing to timely suspect or discover the subordinate realtor’s fraud, and arguing that the appellant’s reckless management style could lead to additional instances of fraud on behalf of his numerous subordinates throughout the state of Florida.
Pursuant to section 120.68(3), Florida Statutes, “[t]he filing of the petition does not itself stay enforcement of the agency decision, but if the agency decision has the effect of suspending or revoking a license, supersedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state.” Furthermore, this court is authorized to *1019 stay the Final Order pursuant the Florida Rules of Appellate Procedure, which provide that:
(A) A party seeking to stay administrative action may file a motion either with the lower tribunal or, for good cause shown, with the court in which the notice or petition has been filed. The filing of the motion shall not operate as a stay. The lower tribunal or court may grant a stay upon appropriate terms. Review of orders entered by lower tribunals shall be by the court on motion.
(C) When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the court a motion for stay on an expedited basis. The agency may file a response within 10 days of the filing of the motion, or within a shorter time period set by the court. Unless the agency files a timely response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court shall grant the motion and issue a stay.
Fla. R.App. P. 9.190(e)(2) (emphasis added).
A finding of guilt in the context of an administrative disciplinary proceeding, without more, is not -necessarily a sufficient basis for denial of a motion to stay on the grounds that a supersedeas would constitute a “probable danger to the health, safety, or welfare to the state” pursuant to section 120.68(3). See Old Timers Restaurant and Lounge, Inc. v. Fla. Dep’t of Bus. and Prof'l Reg., 488 So.2d 463, 464 (Fla. 1st DCA 1986). “To hold otherwise would permit denial of the stay in every instance, effectively nullifying the stay provision of section 120.68(3).” Id. This case illustrates that point. Here, the fraud on the part of the appellant’s subordinate has been halted, and the ap-pellee makes no showing of a probable danger to the health, safety, or welfare of the state beyond speculation that because one of the appellant’s subordinates committed fraud, another might do the same. The appellee presents no actual evidence of past or present misconduct on the part of any of the appellant’s remaining agents, or any evidence of ongoing negligence on the appellant’s part beyond what is alleged in the administrative complaint, and we accordingly decline to override the automatic stay provision of section 120.68(3).
MOTION GRANTED.
THOMAS, CLARK, and WETHERELL, JJ., concur.