KING, Judge.
This appeal presents for consideration by this court whether the trial court erred in not complying with the statutory sentencing guidelines and in imposing an excessive sentence and whether a review of the entire record reveals any errors patent on the face of the record.
Shannon Lee Doyle (hereinafter defendant) was charged by bill of information with theft of property valued at over $500.00, a violation of La.R.S. 14:67. Defendant was present at his arraignment with counsel and, pursuant to a plea bargain, pled guilty to the lesser charge of unauthorized use of a moveable valued at more than $1,000.00, a violation of La.R.S. 14:68. Sentencing was deferred and a pre-sentence investigation report ordered. On March 30, 1990, defendant was present for sentencing with counsel and the trial judge sentenced him to serve a term of three years at hard labor with the Louisiana Department of Corrections. Defendant timely appeals urging two assignments of error. We affirm.
FACTS
Defendant lived in a rural residence outside of DeRidder, Louisiana with his mother, step-father, and half-siblings. He was 17 at the time he committed the instant offense, and he was employed at Marty's Air Conditioning Shop in DeRidder as an auto mechanic.
On September 1, 1989, at approximately 9:00 P.M., defendant’s mother drove him to Skate City in DeRidder. From Skate City, defendant hitched a ride with two servicemen to Green’s Chevrolet and, from there, defendant walked to Marty’s Air Conditioning Shop. When there, defendant went to a red 1986 Oldsmobile Cutlass, opened the door, found the keys under the seat, took the car, and drove off.
Shortly thereafter, John W. Welborn, II, the owner of the automobile, arrived to take his vehicle which he had previously left for repairs. Welborn was having his car repaired so that he could sell it. When he could not find his car, he telephoned the manager to inquire about the location of his car. Welborn was informed that the car had been left unlocked, with the keys under the seat, and that, if it was not there, it must have been stolen.
At approximately 10:00 P.M., Welborn telephoned the DeRidder Police Department to report his missing car. At approximately 11:00 P.M., two DeRidder Police Officers observed a white male driving a vehicle that matched the description and *565 license plate of the vehicle reported stolen. The officers pursued the car, but were unable to catch it. Another police officer later saw a white male, who later turned out to be the defendant, exiting the car at Marty’s lot at approximately 1:00 P.M. Defendant was then arrested and given the Miranda warnings.
Defendant was charged with theft of property valued at over $500.00, a violation of LSA-R.S. 14:67, which is punishable by imprisonment, with or without hard labor, for not more than ten years or a fine of not more than $3,000.00, or both.
The stolen automobile was recovered and required $2,000.00 worth of repairs. The owner’s insurance paid the cost of repairs, except for a deductible, but the owner sold the car for less than what he had intended to sell the car because of the theft.
Defendant was arraigned on January 5, 1990 and was represented by counsel. Pursuant to a plea agreement, defendant pled guilty to the lesser charge of violating La. R.S. 14:68, unauthorized use of a moveable valued at more than $1,000.00. A pre-sen-tence investigation report was ordered and a date for sentencing was set. Defendant was released on bond pending his sentencing.
While free on bond awaiting arraignment on the instant charges, defendant was arrested on December 7, 1989 and charged with simple battery. He and his girlfriend had a fight about a cassette tape and he threw her against the wall and beat her several times with his fist. Defendant was convicted of this charge in DeRidder City Court on February 20, 1990, sentenced, and placed on one year supervised probation.
On January 14, 1990, while free on bond and awaiting sentencing on the instant charge, at approximately 4:15 A.M., defendant attempted suicide on the steps of the First Baptist Church in DeRidder, Louisiana, by shooting himself in the shoulder with a .22 caliber rifle. He was treated, had no problems with his shoulder, and was prescribed anti-depressant medication.
On March 30, 1990, defendant was sentenced to three years at hard labor with the Louisiana Department of Corrections. In his reasons for sentencing the trial judge noted that, from an early age, defendant had been in trouble with the law. Twice, while he was thirteen, defendant was charged with curfew violations, criminal trespass, and burglary. When he was sixteen, defendant was charged with simple burglary and unauthorized use of a moveable and was adjudicated delinquent and placed on one year supervised probation. Again, at sixteen, defendant was charged with three counts of simple burglary and three counts of theft and was adjudicated delinquent and placed on indefinite probation. Also, at sixteen defendant was again charged with simple burglary and theft, adjudicated delinquent, and placed on indefinite probation.
The trial judge noted that defendant was arrested and convicted of simple battery while free on bond awaiting arraignment for this offense. The trial judge also noted that defendant dropped out of school at age sixteen after repeating the eighth grade. Defendant has not served in the military and has a short work history, having worked as a front end loader operator, an auto mechanic, and a painter. The trial judge observed that earlier attempts by the court system to help defendant, without the aid of correctional treatment, had failed. Finally, the trial judge recommended that defendant be evaluated, psy-chiatrically and psychologically, and treated, if necessary.
Defendant appeals alleging that the trial court erred in imposing a sentence without complying with the statutory sentencing guidelines and in imposing an excessive sentence which amounts to cruel and unusual punishment. Defendant also requests a review on appeal for errors patent on the face of the record.
To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to 'the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffer *566 ing. State v. Cann, 471 So.2d 701 (La.1985); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ den., 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The statutory sentencing range for unauthorized use of a moveable valued at more than $1,000.00 is imprisonment, with or without hard labor, for not more than three years or a fine of not more than $5,000.00, or both. La.R.S. 14:68.
The defendant is eighteen years old and this conviction is his first felony offense. However, since defendant’s arrest in the instant case, he had been arrested and convicted of simple battery and had attempted suicide. Further, as the presen-tence investigation report reflected, defendant has had a long history of violations of the law.
The trial judge sentenced defendant to a term of three years at hard labor with the Louisiana Department of Corrections. We find that the record reflects that the trial judge gave adequate consideration to the statutory guidelines in particularizing the defendant’s sentence. La.C.Cr.P. Art. 894.-1; State v. Smith, 433 So.2d 688 (La.1983). The trial judge observed that defendant has a history of violating the law and noted that it was obvious from defendant’s conduct that there is an undue risk that defendant could hurt himself or others if not incarcerated, and that he was in need of a custodial environment for correctional treatment. The sentence imposed is not so disproportionate as to shock our sense of justice when considered in light of the harm done to society. We find no abuse of discretion by the trial judge in his sentencing of defendant and, thus, we find this assignment of error lacks merit.
We find no errors patent on the face of the record after a careful review of the entire record.
For these reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.