WILLIAM A. CULPEPPER, Judge Pro Tern.
The issues presented by this appeal are whether there was sufficient evidence to support the jury’s finding that defendant was guilty of manslaughter and whether the trial court erred by imposing an excessive sentence. Defendant further requests that this court review the record for errors patent.
On or about February 10, 1990, Morris Denson died from stab wounds that he received from defendant, Perry J. Williams, outside of June Mitchell’s Club in New Iberia, Louisiana; A tape recorded and transcribed statement was made by defendant and introduced at trial in which defendant contended that he was defending himself because Denson had raised a walking cane that he was holding and threatened defendant with it.
Captain Robert Feller testified that, after defendant gave the recorded statement, defendant told him he had sharpened the knife at his home before leaving. He did not give any reason for the sharpening.
Dr. Emil M. Laga, a forensic pathologist who performed Denson’s autopsy, testified that Denson died from a knife wound to the chest. There were two other stab wounds on the left shoulder and mid-arm, but these were not fatal wounds. Den-son’s blood alcohol level was tested and determined to be .26.
Harry J. Finney, Jr., a friend of the victim, testified that, on February 9, 1990, at about 11:00 P.M., he was talking to Denson in front of June Mitchell’s Club. Finney stated that Denson seemed normal and it did not appear that he had been drinking. Finney did not notice that Den-son had a walking cane with him. Finney stated that defendant walked up to Denson, a few hostile words were exchanged, and defendant pulled out a knife and stabbed Denson. Finney testified that defendant stabbed Denson several times and the only time Denson raised his cane was after he had been stabbed and just before he fell to the ground.
Robert White testified that he was talking with defendant outside a pool hall next to the club when Denson walked outside. White testified that Denson interrupted their conversation using profanity and threatening defendant.. Denson raised his cane and poked it in defendant’s face several times. White stated that it looked as though Denson was going to hit defendant with the cane. White testified that he *14 turned away and, when he looked back, he thought defendant was punching Denson in the chest until a few seconds later when he saw Denson fall to the ground. White stated that Denson appeared to be intoxicated and that defendant tried to break off the confrontation twice by telling Denson to go home, but Denson responded by cursing defendant. White stated that when defendant stabbed Denson the first time Denson was holding his cane in the air as though he was going to strike defendant.
Eugene McGruder testified that he was outside of the club with Michael Davis and defendant when Denson walked up to them. McGruder stated that Denson began cursing and threatening defendant. Defendant told Denson to leave him alone, but Denson continued taunting defendant, and then he raised his cane as if to hit defendant. McGruder'testified that he saw defendant punch Denson, but he did not see a knife and did not realize Denson had been stabbed.
Joseph Michael Davis testified that he was with Eugene McGruder and defendant outside the club when Denson came out and began taunting defendant. Denson cursed defendant and called him vulgar names, and it looked as if Denson was going to hit defendant with his cane when defendant stabbed him. Davis stated that appeared as if defendant just threw a few punches because he did not see a knife.
On March 15, 1990, defendant was indicted by grand jury for second degree murder, a violation of La.R.S. 14:30.1. On July 10, 1990, defendant was found guilty of manslaughter, a violation of La.R.S. 14:31. Defendant was sentenced on July 20, 1990 to a term of imprisonment at hard labor for twenty-one years. Defendant appeals citing three assignments of error. We affirm in part, reverse in part, and remand.
LAW
Defendant alleges that the trial court erred in finding him guilty of manslaughter because a reasonable trier of fact could not have found, beyond a reasonable doubt, that defendant was guilty of manslaughter.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is the role of the factfinder to weigh the respective credibilities of the witnesses and, therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See, State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the essential elements of the charged offense, manslaughter, beyond a reasonable doubt. La.R.S. 14:31 reads in pertinent part:
“Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed
Since defendant raised the defense of justification, the State must prove that the killing was not a justifiable act of self-defense. State v. Sylvester, 438 So.2d 1277 (La.App. 3 Cir.1983), writ den., 444 So.2d 606 (La.1984), citing State v. Brown 414 So.2d 726 (La.1982).
La.R.S. 14:20 reads in pertinent part as follows:
“A homicide is justifiable:
*15 (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger ...”
Robert White, Joseph Michael Davis, and Eugene McGruder testified that Denson walked up to defendant and began insulting him. The victim threatened defendant and taunted him. Denson raised his cane as though he was going to hit defendant, and defendant stabbed him three times. Thus, a rational trier of fact could have found defendant guilty of manslaughter, viewing the evidence in a light favorable to the prosecution.
The issue then becomes whether the actions of defendant were justifiable. Harry J. Finney testified that either man could have walked away at anytime. Robert White testified that he did not think it was necessary for defendant to stab Denson.
In State v. Howard, 443 So.2d 632, at 638 (La.App. 3 Cir.1983), writ den., 444 So.2d 1215 (La.1984), this court said:
“Although there is no unqualified duty to retreat, the possibility of escape is a recognized factor in determining whether or not a defendant had the reasonable belief that deadly force was necessary to avoid the danger. State v. Collins, 306 So.2d 662 (La.1975).”
Therefore, we find that when the evidence is viewed in the light most favorable to the prosecution, any rational trier of fact could conclude that defendant did not have a reasonable belief that he was in danger of losing his life or receiving great bodily harm and that the killing was not necessary to save him from that danger. Thus, we find that this assignment of error lacks merit.
In defendant’s second assignment of error, he alleges that his sentence was excessive.
Defendant was convicted of manslaughter, a violation of La.R.S. 14:31. The penalty for manslaughter is imprisonment at hard labor for not more than twenty-one years. Defendant’s sentence is the maximum and is within the statutory limits. The law and jurisprudence involving the imposition of sentence is well established and will not be reiterated herein. See, State v. Doyle, 574 So.2d 563 (La.App. 3 Cir.1991); State v. Robicheaux, 412 So.2d 1313 (La.1982).
In sentencing defendant, the trial judge said that he was following the guidelines set forth in La.C.Cr.P. art. 894.1. The judge said that he did not find anything to justify defendant’s conduct. He stated that defendant had sharpened his knife and was going out to kill somebody and ended up killing Denson. Apparently, the trial judge gave this much weight in imposing the maximum sentence. The trial judge also considered defendant’s prior conviction for theft.
In State v. Jones, 398 So.2d 1049 (La.1981), the Louisiana Supreme Court said, “[m]aximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender.”
After reviewing the record, the circumstances of the offense, and the considerations articulated by the trial judge we find that the sentence imposed upon defendant was excessive. Defendant’s only prior felony was for theft, a nonviolent felony. The sharpening of the knife was not proved to be for the purpose of stabbing someone. The jury found defendant guilty of manslaughter, not murder. A presentence investigation was requested by defense counsel but denied by the trial judge. The evidence in this case indicates that the victim, Denson, was the instigator and that the defendant tried to break off the confrontation. Although defendant’s self-defense claim was meritless, his sentence should not have been the maximum. As previously stated, maximum sentences are reserved for the most serious violations and the worst kind of offenders. The defendant does not appear to fit into this category. The trial judge gave very few reasons for sentencing defendant to the maximum sentence allowable by law. Although the maximum sentence may be appropriate in some cases if art. 894.1 guide *16 lines are followed, there is insufficient information in this record to justify the maximum sentence. The most aggravating factor is that a human life was taken. However, this is the case in all manslaughter convictions. Thus, if this is sufficient justification for upholding a maximum sentence there would be no sentencing range for manslaughter. This assignment of error has merit and we find defendant’s sentence to be excessive. Defendant’s sentence is set aside and this matter is remanded to the trial court for resentencing in accordance with the views expressed herein.
Defendant asks in his third assignment that the record be reviewed to determine if any errors patent exist. After a careful review of the entire record, we find no errors patent on the face of the record. See State v. Harris, 520 So.2d 911 (La.App. 3 Cir.1987).
For the foregoing reasons, defendant’s conviction is affirmed, and defendant’s sentence is vacated and set aside. This matter is remanded to the trial court for resentencing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.