NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-262

STATE OF LOUISIANA

VERSUS

JAMES RAY COLEMAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 92278
HONORABLE TONY ALAN BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Asa Allen Skinner
District Attorney – Thirtieth Judicial District
Ronald K. Seastrunk
Assistant District Attorney – Thirtieth Judicial District
P. O. Box 1188
Leesville, LA 71496-1188
Telephone: (337) 239-2008
COUNSEL FOR:
    Plaintiff/Appellee – State of Louisiana

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**Telephone: (225) 806-2930**
**COUNSEL FOR:**
    **Defendant/Appellant – James Ray Coleman**

**James Ray Coleman, Pro Se**
**Dixon Corr. Inst. Unit 1-D-5**
**P. O. Box 788**
**Jackson, LA 70748**
    **Defendant/Appellant**

**THIBODEAUX, Chief Judge.**

Defendant, James Ray Coleman, was charged with two counts of simple burglary, violations of La.R.S. 14:62; two counts of theft of items valued in excess of $1,000 but less than $5,000, violations of La.R.S. 14:67(B)(3); theft of a motor vehicle, a violation of La.R.S. 14:67.26; and simple criminal damage to property, a violation of La.R.S. 14:56.[1] All of the offenses occurred on November 2, 2017. Defendant originally entered a plea of not guilty, but he changed his plea to guilty of two counts of simple burglary, violations of La.R.S. 14:62, and theft of items valued in excess of $1,000 but less than $5,000, a violation of La.R.S. 14:67(B)(3). The State dismissed the remaining charges and agreed not to charge Defendant as a habitual offender.

The trial court sentenced Defendant to serve ten years at hard labor with credit for time served on each of the two counts of simple burglary and three years at hard labor with credit for time served on the count of theft. The sentences ran consecutively for a total of thirty years at hard labor with credit for time served. The trial court denied Defendant's motion to reconsider his sentence. Defendant timely appealed.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We affirm Defendant's convictions and sentences and grant counsel's motion to withdraw.

---

[1]The bill of information incorrectly identifies the offense as theft of items valued at more than $1,000.00 but less than $5,000, a violation of La.R.S. 14:67(B)(2). The correct citation for that offense is La.R.S. 14:67(B)(3).

## FACTS:

Defendant committed simple burglary on November 2, 2017, when he entered the Department of Transportation and Development building and the Vernon Parish Police Jury building in Leesville without authorization. He took items from those buildings valued at more than $1,000 but less than $5,000. Defendant also took a truck from the Police Jury building and rammed it through a fence.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *ANDERS* ANALYSIS:

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel's *Anders* brief must review the procedural history and the evidence in the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing what he perceived as potential errors for appeal. First, he noted Defendant pled without an agreement about sentencing. Three of the six counts against Defendant were dismissed, and the State agreed not to file a habitual offender bill. The trial court considered Defendant's lengthy criminal history and other factors of La.Code Crim.P. art. 894.1 as well as Defendant's prior parole and probation revocations and criminal record in Texas.

Counsel noted the trial court imposed all the sentences to run consecutively to each other and to any other sentences. He considered the length of the sentences imposed and noted Defendant did not receive the maximum sentence in any of the convictions despite his lengthy criminal record and despite being a sixth felony offender. As part of the plea agreement, Defendant recommended concurrent sentences to the trial court, and the State had no opposition. Although Defendant's crimes could have been considered part of a single transaction or common scheme

3

so that the sentences would be imposed to run concurrently, counsel noted La.Code Crim.P. art. 883 allows the trial court to expressly direct the sentences to run consecutively, as it did here. Counsel concluded the trial court did not abuse its discretion in imposing Defendant's sentences.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and discussed the possible sentences for his crimes at the plea hearing. Although the defense recommended the sentences to run concurrently and the State agreed, Defendant also agreed the sentences were "up to Judge."

In exchange for the plea, the State agreed to dismiss one count of theft of items valued in excess of $1,000 but less than $5,000, the charge of theft of a motor vehicle, and the charge of simple criminal damage to property. The State further agreed not to charge Defendant as a habitual offender as a result of the plea.

The trial judge considered the sentencing guidelines of La.Code Crim.P. art. 894.1 and a presentence investigation report. He also noted Defendant's extensive criminal record. Defendant was previously convicted of vehicle theft in 1984; two counts of burglary of a building in 1988; burglary of a building in 1989; felony use of a motor vehicle, felony fraudulent use or possession of identifying information, and misdemeanors in 2012; and assault on a family or household member in 2014. Additionally, Defendant was charged with aggravated assault with a deadly weapon in 1997 but pled guilty to the misdemeanor offense of deadly

4

conduct in 1998. He pled guilty to misdemeanor theft of property in 2012. Defendant's probation was revoked at least twice in Texas. At the time of his sentencing in this matter, Sheriffs' offices in Beauregard and Calcasieu Parishes had detainers for Defendant, and the State of Texas had a parole violation warrant on him. The trial court noted Defendant's first conviction was at age eighteen; he was fifty-one at the time of his sentencing in this matter. His total past sentences totaled seventy-one years of confinement; his criminal history included crimes of violence. The trial judge felt "the public is not safe" with Defendant on the street.

Defendant was exposed to a sentence of imprisonment with or without hard labor for up to twelve years and/or a fine of up to $2,000 for the crime of simple burglary. La.R.S. 14:62. He was exposed to a sentence of imprisonment with or without hard labor for up to five years and/or a fine of $3,000 for the crime of theft. La.R.S. 14:67(B)(3). In spite of Defendant's lengthy criminal history, the trial judge did not impose a maximum sentence for any of the crimes. However, the trial court did impose the sentences to run consecutively to each other and to another, unrelated sentence. Nevertheless, Defendant received a substantial benefit through this plea agreement.

As counsel's brief noted, Defendant's motion to reconsider his sentences did not set out any mitigating circumstances or anything in the record to support lesser sentences. Further, La.Code Crim.P. art. 883 allows the trial court to expressly direct a defendant's sentences to run consecutively as the trial court did here. Defendant entered an open-ended plea with no sentencing agreement or cap. We find the record indicates no non-frivolous issues for appeal regarding sentencing.

We note the bill of information incorrectly cited Defendant's convictions for theft of items valued from $1,000 to $5,000 as La.R.S. 14:67(B)(2).

5

However, "[e]rror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." La.Code Crim.P. art. 464. Our review of the record does not suggest Defendant suffered any prejudice because of the erroneous citation of the number of the subparagraph; thus, any error would be harmless. Additionally, by entering an unqualified plea, Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, this error is harmless and/or was waived by Defendant's plea, and it does not present a non-frivolous issue for appeal. *State v. Allen,* 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issues addressed by counsel. Therefore, we affirm Defendant's convictions and sentences and grant counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.